UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

INDUSTRIAL PACKAGING CORP.            CIV. ACTION NO. 5:22-05972

VERSUS                                JUDGE DONALD E. WALTER

UNION INSURANCE COMPANY               MAG. JUDGE KAYLA D. MCCLUSKY
OF PROVIDENCE

<u>REPORT AND RECOMMENDATION</u>

Before the undersigned magistrate judge, on reference from the District Court, is a motion to remand [doc. # 6] filed by Plaintiff Industrial Packaging Corporation.   The motion is opposed.   For reasons set forth below, it is recommended that the motion be DENIED.

<u>Background</u>

Industrial Packaging Corporation ("IPC") is the owner of certain immovable property (the "Property") located in Homer, Louisiana, which it insured for perils with Union Insurance Company of Providence ("Union") via Policy Number 5A5-03-31 (the "Policy").   (Petition). In February 2021, during the coverage period, the Property suffered significant damage allegedly caused by frigid weather.   (Petition, Memo.).   Union acknowledged the loss, but a dispute arose between IPC and Union regarding the scope, the amount of the loss, and the amounts due under the Policy.   *Id*.   Accordingly, IPC invoked the Policy's appraisal provision, which states, as follows:

2.   **Appraisal**

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss.   In this event, each party will select a competent and impartial appraiser.   The two appraisers will select an umpire.   If they cannot agree, either may request that selection be made by a judge

of a court having jurisdiction.   The appraisers will state separately the value of the property and amount of loss.   If they fail to agree, they will submit their differences to the umpire.   A decision agreed to by any two will be binding . . .
If there is an appraisal, we will still retain our right to deny the claim.

(Petition, Memo.).

In accordance with the appraisal process, IPC and Union each selected appraisers, who, in turn, selected an umpire, Bree McCorkle.   *Id*.   However, IPC's original appraiser came to suspect a possible improper relationship between Union's appraiser and the umpire, McCorkle. *Id*.   Accordingly, IPC's attorney sought, but did not secure McCorkle's resignation.   *Id*. Shortly thereafter, IPC's second appraiser resigned, and IPC quickly selected a new appraiser who had a conflict with McCorkle, which resulted in McCorkle's resignation.   *Id*.[1]

The parties are unable to agree on a replacement umpire.   *Id*.   Therefore, on October 31, 2022, IPC filed the instant Petition to Appoint Impartial Umpire in the Second Judicial District Court for the Parish of Claiborne, State of Louisiana.   (Petition).   IPC sued Union and prays for an order appointing Cade Cole, or, alternatively, one of several other candidates, as umpire.   *Id*.

On November 15, 2022, Union removed the suit to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.   On December 15, 2022, IPC filed the instant motion to remand the matter to state court because the amount in controversy does not exceed the jurisdictional minimum.   Union filed an opposition memorandum on January 5, 2023.   [doc. # 8].   IPC did not file a reply and the time to do so has passed.   *See* Notice of Motion Setting [doc. # 7]. Accordingly, the matter is ripe.

---

[1] If these parties and names sound familiar, it is likely because both the allegations and the cast of characters are the same as those referenced in the undersigned's report and recommendation issued in *Temple Baptist Church of Ruston, Inc. v. Employers Mutual Casualty Co.*, Civ. Action No. 21-4324 (W.D. La.) [doc. # 36].

## Law

Federal law authorizes a defendant to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ." 28 U.S.C. § 1441(a). "The removing party bears the burden of showing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted).

Union invoked this court's original jurisdiction, via diversity, which requires complete diversity of citizenship between the adverse parties and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a).[2] Pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, the removal statute now specifies that

> [i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> > **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks—
> > > **(i)** nonmonetary relief . . .

28 U.S.C. § 1446(c)(2)(A)(i).

In this case, IPC seeks a nonmonetary declaratory judgment. *See Liberty Mut. Grp. Inc.*

---

[2] IPC is a Louisiana corporation, with its principal place of business in this state. (Notice of Removal). Union is an Iowa corporation, with its principal place of business in said state. *Id*.

*v. Mayes*, Civ. Action No. 20-0967, 2020 WL 5881826, at *2 (W.D. La. Sept. 15, 2020), *R&R adopted,* 2020 WL 5880965 (W.D. La. Oct. 2, 2020).   Therefore, the removing defendant must assert the amount in controversy in the notice of removal, which "should be accepted when not contested by the plaintiff or questioned by the court."   *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).   However, when, as here, the plaintiff challenges a defendant's assertion of the amount in controversy then, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."   *Id.* at 88.

Furthermore, "the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."   *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996) (quoting *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983)).   This value must be determined from plaintiff's perspective.   *Alfonso v. Hillsborough Cty. Aviation Auth.*, 308 F.2d 724, 727 (5th Cir. 1962).   Nonetheless, the value to plaintiff may depend on the amount of defendant's claim that plaintiff seeks to avoid.   *See Webb, supra*; *Leininger, supra*.

Of course, when resolving a motion to remand, it is axiomatic that the court looks at jurisdictional facts as they exist at the time the case was removed.   *Asociacion Nacional De Pescadores v. Doe Quimica*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds*, *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998) ("*ANPAC*").

## Discussion

Union asserted in its Notice of Removal that the amount in controversy exceeded $75,000 because IPC valued its covered loss at $1.9 million, whereas Union's appraiser has assessed the

loss at less than $15,000.   *See* Notice of Removal and Exhs.

In its motion to remand, IPC asserts that "[t]here is no amount in controversy because Plaintiff is seeking nonmonetary relief."   (M/Remand, Memo., pg. 2).   IPC notes that the Fifth Circuit has not addressed the determination of an amount in controversy in actions seeking the appointment of an umpire for an appraisal.   In support of its motion, IPC cites a pair of Texas district court cases, which resolved the uncertainty regarding how to assess the amount in controversy in appointment of umpire cases by remanding the cases to state court.   *See Mi Realty, LLC v. Atl. Casualty Ins. Co.*, Civ. Action No. 21-0368, 2022 WL 705861, at *1 (N.D. Tex. Mar. 8, 2022); *Display Concepts Party Rentals, Inc. v. Gen. Star Indem. Co.*, Civ. Action No. 22-0201, 2022 WL 16752848, at *1 (N.D. Tex. Nov. 7, 2022).

However, as Union pointed out in its opposition brief, other courts and, most importantly, this one,[3] have held that "[i]n a declaratory judgment to enforce an appraisal clause in an insurance policy and appoint an umpire, the amount in dispute is the total amount claimed to be due under the policy rather than just the cost of appointing an umpire."   *Liberty Mut. Grp. Inc. v. Mayes,* 2020 WL 5881826, at *2.   IPC provided no argument or basis to distinguish or reconsider the amount in controversy calculation employed in *Mayes*.   Furthermore, other district courts from Louisiana and Mississippi have used the same approach.   *See Ear, Nose & Throat Consultants of N. Mississippi, PLLC v. State Auto Ins.*, Civ. Action No. 05-0018, 2006 WL 1071834 (N.D. Miss. Apr. 21, 2006); *Church Mut. Ins. Co. v. Household of Faith Church*, Civ. Action No. 06-3839, 2007 WL 1537629 (E.D. La. May 23, 2007); *Bogle v. Great N. Ins. Co.*, Civ. Action No. 22-3092, 2022 WL 17177483, at *2 (E.D. La. Nov. 23, 2022).

---

[3]Judge Walter endorsed Magistrate Judge Hayes's report and recommendation in *Mayes*.

Here, IPC has valued its loss at $1.9 million, which clearly exceeds the jurisdictional minimum.   Moreover, even if the amount in controversy were reduced to the difference in the loss evaluation between the parties' respective appraisers, that still only negligibly decreases IPC's loss valuation.   In addition, IPC contends that the former umpire either was incompetent or in cahoots with Union's appraiser.   In other words, IPC was concerned that its loss valuation would be materially and fatally undermined by the umpire.   To avoid that result, i.e., the potential loss of its $1.9 million claim, IPC filed the instant petition for appointment of a competent and impartial umpire.

In sum, the court concludes that the value of the relief sought by IPC is well in excess of the jurisdictional threshold for the exercise of diversity jurisdiction.   *See Leininger,* 705 F.2d at 729 (the amount in controversy equals the extent of the injury to be prevented); *Webb,* 89 F.3d at 252 (value to plaintiff of enjoining arbitration was measured by the amount of defendant's claim in arbitration).

## Conclusion

For the foregoing reasons, the undersigned finds that Union has established by a preponderance of evidence that the amount in controversy exceeded $75,000 at the time of removal, whether measured from plaintiff or defendant's perspective.   Therefore, the court enjoys subject matter jurisdiction, via diversity.   28 U.S.C. § 1332.   Accordingly,

IT IS RECOMMENDED that the motion to remand [doc. # 6] filed by Plaintiff Industrial Packaging Corporation be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific,

6

written objections with the Clerk of Court.   A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.   A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.   Timely objections will be considered by the District Judge before he makes a final ruling.

A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

In Chambers, at Monroe, Louisiana, on this 21st day of March, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

7